# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOHMA L. WILLIAMS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>D. ADAMS,<br><br>　　　　　Respondent.<br>_____/ | CV F  04-5203 DLB HC<br><br>ORDER DISREGARDING PETITIONER'S REQUESTS FOR EXTENSION OF TIME TO FILE APPEAL AND DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY<br><br>[Docs. 36, 38, 40] |

　　　　On March 14, 2006, the instant petition for writ of habeas corpus was denied on the merits, and judgment was entered in favor of Respondent this same day.[1]

　　　　On April 12, 2006, Petitioner filed a motion for an extension of time to file a notice of appeal and request for a certificate of appealability.  (Court Doc. 30.)  The Court granted Petitioner's request on April 24, 2006.  (Court Doc. 34.)

　　　　On May 22, 2006, Petitioner filed a second request for an extension of time to file a notice of appeal.  (Court Doc. 35.)  On June 7, 2006, the Court denied Petitioner's request because the Court had previously granted Petitioner an extension of time and no further extensions were allowed under Rule 4 of the Federal Rules of Appellate Procedure.  (Court Doc. 37.)

　　　　On June 2, 2006, Petitioner filed a third request for an extension of time to file a notice of

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to the jurisdiction of the United States Magistrate Judge.

1

appeal. Then on June 19, 2006, Petitioner filed a third request for an extension of time, a notice of appeal, and a motion for a certificate of appealability. (Court Docs. 38, 39, 40.)

As stated in the Court's June 7, 2006, because no further extensions of time are permitted under Rule 4 of the Federal Rules of Appellate Procedure, Petitioner's requests for an extension of time to file an appeal, are DENIED.

With respect to Petitioner's request for a certificate of appealability, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must

demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DENIES Petitioner's motion for certificate of appealability.

IT IS SO ORDERED.

Dated:   **June 21, 2006**              **/s/ Dennis L. Beck**
3b142a                                  UNITED STATES MAGISTRATE JUDGE